IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders,                                     )<br>                                                              )<br>               Plaintiff,                              )<br>                                                              )<br>         vs.                                               )<br>                                                              )<br>State of North Carolina, authorized          )<br>agent NC Attorney General Roy             )<br>Cooper; and Gaston County Child           )<br>Support Agency,                                    )<br>                                                              )<br>               Defendants.                         )<br>                                                              ) | Civil Action No. 7:07-3174-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the defendants' dispositive motions. The plaintiff, Launeil Sanders, who is proceeding *pro se*, brought this action under Title 42, United States Code, Section 1983, alleging that he has been deprived of various undeclared constitutional rights.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

       The plaintiff alleges that the facts underlying his complaint began in July 1990 when his former spouse, Georgia West, removed his two minor children from his home in South Carolina. The younger of the plaintiff's children subsequently reached the age of 18 sometime in 1998 (comp. I.P.). The Gaston County, North Carolina, District Court entered a final custody order on or about October 31, 1991, granting custody of the two children to West (comp. I.J.). The Gaston County Child Support Enforcement Office began to act on behalf of West in prosecuting a child support claim. Gaston County Child Support was successful in reducing the plaintiff's child support debt to a judgment and placing a lien on

certain real property located in Lincoln County, North Carolina, on August 26, 1998 (Gaston County m. to dismiss, ex. A). The plaintiff participated in this proceeding to the extent of appealing the case to the North Carolina Court of Appeals and petitioning the North Carolina Supreme Court to issue its writ of certiorari. The Court of Appeals dismissed his appeal, and the North Carolina Supreme Court denied his petition for writ of certiorari on April 4, 2002 (Gaston County m. to dismiss, ex. B). *Gaston County, ex rel. West v. Sanders*, 147 N.C. App. 785, 559 S.E.2d 294 (2001), cert. denied, 355 N.C. 348, 562 S.E.2d 279 (2002). No further appeals appear to have been made in this matter. The plaintiff requests an injunction from this court that would dictate how and when the proceeds of the alleged sale of the Lincoln County property would be distributed. In addition, the plaintiff alleges that the sale of his property is imminent and that he should, therefore, be entitled to an emergency hearing.

Defendant State of North Carolina filed a motion to dismiss on November 26, 2007. By order filed November 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure. The plaintiff filed his opposition to the motion on December 3, 2007. Defendant Gaston County[1] filed a motion to dismiss on December 3, 2007. By order filed December 4, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure. The plaintiff filed his opposition to this motion on December 6, 2007.

In making his Section 1983 claims, the plaintiff must allege facts demonstrating that the defendants are acting under color of state law, and he must further allege facts demonstrating that he has been deprived of a constitutionally or federally

---

[1] The plaintiff named Gaston County Child Support Enforcement Agency as a defendant. According to this defendant, it is unincorporated and is not a legal entity unto itself. It is a program maintained by Gaston County (Gaston County m. to dismiss 1).

protected right. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). The plaintiff alleges the following in his first claim of relief:

> [T]he defendants have not performed good faith, rather have recklessly, wantonly "under the color of law" . . . deliberately and willfully violated plaintiff's and his two biological children's rights for past 17 ½ years and since year 2000 have civilly and potentially engaged in racketeering to cover up false affidavits filed with the Court by police officer Georgia West . . . .

(Comp. IIIA1). In his second claim for relief, he alleges that the defendants "have done nothing for the best interests of said two children . . . and they cannot be trusted not to perform any actions in best interests of said two children which is before the Spartanburg Probate Court . . ." (comp. IIIB1). He asks that the court receive the funds from the auction of the real estate at issue and hold a hearing to determine the disbursement of the funds. As noted by defendant North Carolina, the plaintiff attached a document to his complaint in which he acknowledged that he owes a child support arrearage (comp., att. 3). It appears from the plaintiff's complaint that he is alleging the arrearage should be for a lesser amount (comp., att. 3). The plaintiff has failed to allege any acts taken by the defendants that deprived him of a constitutionally or federally protected right.

      The plaintiff's federal claims are barred by the statute of limitations. The plaintiff's claims are brought pursuant to Section 1983. Because Section 1983 does not explicitly provide its own statute of limitations, the court is to look to the personal injury statute of limitations from the relevant state, since Section 1983 claims are best characterized as personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240-41(1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Although the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).

3

The North Carolina statute of limitations for personal injuries is three years. *See* N.C. Gen. Stat. § 1-52(16). In his complaint, the plaintiff makes no allegation that the defendants or their agents have deprived him of a federally protected right within the three years prior to his complaint. The facts at issue in this case have been known to the plaintiff since 1998, when the child support arrearage was reduced to a judgment that became a lien against his real property (Gaston County m. to dismiss, ex. A). Accordingly, the plaintiff's federal claims against defendants are barred by the applicable statute of limitations and should be dismissed. Should the complaint be construed to allege state law claims, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. *See* 28 U.S.C. §1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motions to dismiss (docs. 30 and 36) be granted. Furthermore, any pending nondispositive motions should be held in abeyance pending the district court's disposition of the motions to dismiss. Should the district judge adopt this court's recommendation, the nondispositive motions will be rendered moot.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

March 24, 2008

Greenville, South Carolina