UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders,                    ) | C/A No.: 7:07-cv-3174-GRA-WMC |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.                    ) | ORDER |
| ) | (Written Opinion) |
| State of North Carolina, Authorized       ) | |
| Agent NC Attorney General Roy Cooper;  ) | |
| and Gaston County Child Support          ) | |
| Agency,                    ) | |
| ) | |
| Defendants.     ) | |
| _____  ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., filed on March 24, 2008. Plaintiff originally filed this claim pursuant to 42 U.S.C. § 1983 on September 20, 2007, alleging that the defendants have deprived him of several constitutional rights. The magistrate recommends granting the defendants' motion to dismiss because the plaintiff's claims are barred by the relevant statute of limitations. For the reasons stated herein, this Court adopts the magistrate's recommendation in its entirety.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Though Plaintiff is *pro se*, he is no stranger to federal litigation in the District of South Carolina. *See* 6:97-cv-00998-HMH; 6:95-cv-00049-GRA; 6:95-cv-02184-HMH; 7:01-cv-01973-GRA; 7:99-cv-03995-GRA; 7:07-cv-03510-GRA-WMC. Regardless, this Court will liberally construe the plaintiff's claims.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on March 28, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see*

*United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

First, Plaintiff specifically objects that the magistrate erred by stating that it was the plaintiff's former spouse that removed Plaintiff's children from South Carolina in 1998. Plaintiff argues that it was his former sister-in-law not his former spouse who removed the children. Even if this is true, it does not affect the magistrate's reasoning for dismissal—regardless of who removed the children, the claim is still time barred. The only objection that attacks the magistrate's reasoning states: "My lawsuit is not time barred on its face as there are many, many unjustices [sic] that have been done to me in these '18 years of broken justice' . . ." (Pl's Objs. at 5) This objection is a general and conclusory objection. Therefore this Court need not address it. *Orpiano*, 687 F.2d at 47.

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and relevant case law, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' motion to dismiss be GRANTED.

IT IS FURTHER ORDERED THAT any outstanding motions be DISMISSED as moot.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 24, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**